UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DANIEL RIOS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5-11CV0021-C |
| | § | |
| GOODWILL INDUSTRIES OF LUBBOCK, INC. | § § | |

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Daniel Rios, Plaintiff, and makes and files this brief in support of his response to Defendant's motion for summary judgment. In support of this brief, Plaintiff would respectfully show the Court as follows:

1.

### SUMMARY OF PLAINTIFF'S POSITION

Plaintiff is a disabled former employee of Defendant. Plaintiff's disability arises out of vision problems Plaintiff has had since his early childhood. Plaintiff contends in this case that Defendant, knowing that Plaintiff had a vision disability which created transportation difficulties for Plaintiff, transferred Plaintiff from a store that was within walking distance of Plaintiff's residence to a store that Defendant knew Plaintiff would be unable to be able to get to consistently without assistance. In doing so, Defendant wholly ignored Plaintiff's reasonable accommodation request to be allowed to stay at the store that was within walking distance of his home. Plaintiff contends that Defendant's conduct violated the Americans With Disabilities Act,

1

42 U.S.C. §12101 et seq (hereinafter referred to as the "ADA") by denying Plaintiff's request for a reasonable accommodation.

2.

## LEGAL GROUNDS FOR RESPONSE

a. The summary judgment evidence establishes a genuine issue of material fact regarding whether Defendant violated the ADA by discriminating against Plaintiff on the basis of a disability by denying Plaintiff's request for a reasonable accommodation.

3.

## FACTUAL GROUNDS FOR RESPONSE

a. Plaintiff is a former employee of Defendant, having worked for Defendant as a donation attendant. (App. 1).

b. Plaintiff is a qualified individual with a disability. (Defendant's Brief p. 5).

c. Plaintiff has a vision impairment which makes it difficult for Plaintiff to travel to work. (App. 1).

d. Plaintiff was hired by Defendant to work at a store located in Wolfforth, Texas which store was within walking distance of Plaintiff's home. (App. 1).

e. During Plaintiff's employment, he was subjected to unwelcome sexual misconduct by co-workers. (App. 2).

f. In addition to sexual comments, on one occasion, a co-worker named Tanya, against Plaintiff's wishes, forced Plaintiff to touch her chest. (App. 2).

g. Plaintiff was uncomfortable with the conduct and reported it to human resources. (App. 2).

h. During the same time period, Plaintiff cooperated with Defendant in connection with an investigation that was taking place concerning the Brownfield store. (App. 2).

i. About a month after Plaintiff reported the sexual misconduct and cooperated in the investigation, Plaintiff was told by Sandra Perez, an employee of Defendant, that he was being transferred to a store located on 34th Street in Lubbock, Texas. (App. 2).

j. Plaintiff told Sandra Perez that his disability would create transportation problems that would make it difficult for him to work at the 34th Street store in Lubbock and requested a reasonable accommodation to be allowed to continue working at the Wolfforth store which was within walking distance of his home. (App. 2).

k. Defendant did not grant Plaintiff's request that he be allowed to stay at the Wolfforth store. (App. 2).

p. Plaintiff was transferred to the 34th Street store on December 30, 2009. (App. 2).

q. After being transferred, Plaintiff was unable to consistently make it to work at the 34th Street store. (App. 2).

r. Defendant fired Plaintiff because he was unable to consistently report to work at the 34th Street location. (App. 2).

4.

## ARGUMENT AND AUTHORITIES

a. <u>Summary Judgment Standard</u>

The rules regarding summary judgments are well established. Summary judgment is proper only if the Movant establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). In determining whether a genuine issue of material fact exists, the court must construe all facts in a

light most favorable to the non-moving party and must draw all reasonable and justifiable inferences in favor of the party. *King v. Preferred Technical Group,* 166 F.3d 887, 890 (7th Cir. 1999)(citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970)). Courts have noted that "summary judgment is not favored in claims of employment discrimination,... courts must refrain from engaging in the jury functions of making credibility determinations, weighing the evidence, or drawing legitimate inferences from the facts." *Faver v. International Paper Company,* 196 F.Supp.2d 441, 443 (E. D. Tex. 2002). It is necessary in determining whether summary judgment is appropriate to apply "added rigor in employment discrimination cases, where intent and credibility are crucial issues." *King,* 166 F.3d at 891.

b. <u>Summary Judgment is not proper on Plaintiff's ADA claims</u>

Defendant is not entitled to summary judgment with regard to the ADA claims asserted by Plaintiff in this case. Plaintiff alleges that Defendant violated the ADA by not allowing Plaintiff the reasonable accommodation of remaining at the Wolfforth location rather than forcing Plaintiff to transfer to the 34th Street location. Defendant contends that no evidence exists to show that Defendant failed to furnish a reasonable accommodation or that Defendant's decision to transfer Plaintiff was based upon his disability. The summary judgment evidence creates an issue of fact with regard to the issue of reasonable accommodation and, as a result, Defendant's motion should be denied.

c. <u>Reasonable Accommodation</u>

An issue of fact clearly exists regarding the reasonable accommodation issue. Under the ADA, an employer shall not: "discriminate against a qualified individual with a disability on the basis of disability." 42 U.S.C. §12112(a). The ADA defines the term "discriminate against a qualified individual with a disability" to include, among other things:

> not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual because of the known disability of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business.

42 U.S.C. 12112(b)(5)(A).

Plaintiff alleges in his complaint in this case that Defendant failed to furnish a reasonable accommodation by transferring Plaintiff from a store that was within walking distance of Plaintiff's home to a store that Plaintiff would have difficulty getting to on his own. (Plaintiff's First Amended Complaint, par. 10). To succeed on this claim, Plaintiff must show that: (1) he is disabled; and (2) he is otherwise qualified for the position with a proposed reasonable accommodation. *Black v. Roadway Express, Inc.*, 297 F.3d 445, 450 (6th Cir. 2002). Once this is done by Plaintiff, the employer bears the burden of showing that the proposed reasonable accommodation would impose an undue hardship on the employer. *Id.*.

Defendant does not address the issue of reasonable accommodation at all in its motion for summary judgment. In its brief, Defendant acknowledges that Plaintiff is a qualified individual with a disability and, further, that Plaintiff made a reasonable accommodation request to remain at the Wolfforth store. (Defendant's Brief p. 5, par. 14 and p. 6, par, 16). The request for a reasonable accommodation is further established by the affidavit of Daniel Rios. (App. 2). Nowhere in its brief does Defendant attempt to demonstrate how Plaintiff's request for a reasonable accommodation would have caused an undue burden on Defendant. Likewise, the appendix filed by Defendant contains no evidence to show that the accommodation requested by Plaintiff would pose an undue hardship.

Thus, the pleadings (including Defendant's brief) and the summary judgment evidence in this case establish that Plaintiff was a qualified individual with a disability and that Plaintiff

requested a reasonable accommodation to remain at the Wolfforth store. (App. 2). The evidence further shows that the request for an accommodation was denied by Defendant. (App. 2). Since Defendant Plaintiff's request for a reasonable accommodation but has failed to produce any evidence to establish that allowing Plaintiff to remain at the Wolfforth store would have posed an undue burden on Defendant, Defendant's motion for summary judgment should be denied.

5.

## CONCLUSION

The pleadings and summary judgment evidence in this case, when viewed in a light most favorable to Plaintiff, raise a genuine issue of material fact concerning whether Defendant violated the ADA by its denial of Plaintiff's request for reasonable accommodation. Therefore, Defendant's motion for summary judgment should be denied.

WHEREFORE, Plaintiff prays that Defendant's motion for summary judgment be denied and for such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

JOHNSTON & MILLER
Attorneys at Law
2402 52nd Street, Suite 12
Lubbock, Texas 79412
Phone: (806) 785-1499
Fax: (806) 762-6901

By: _____
J. Craig Johnston
State Bar No. 00787784

ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

This shall certify that a true and correct copy of the above and foregoing has been served on this the 1st day of February, 2012, as follows:

Robert St. Clair
Fargason, Booth, St. Clair, Richards & Wilkins, L.L.P.
P.O. Box 5950
Lubbock, Texas 79408

via facsimile and first class mail

_____
J. Craig Johnston